# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| The Estate of Paul Lewis Browning, *et al*., <br><br>     Plaintiffs, <br><br> vs. <br><br> Las Vegas Metropolitan Police Department, *et al*, <br><br>     Defendants. | 2:20-cv-01381-KJD-VCF <br><br> **ORDER** <br><br> Plaintiff's Motion for Leave to Amend Complaint [ECF No. 64] |

Plaintiffs filed a motion for leave to amend the complaint. ECF No. 64. I grant the motion. Plaintiffs have seven days to file their amended complaint.

**I.     Background**

Paul Lewis Browning was exonerated in 2020 after having been forced to spend more than three decades on Nevada's death row for a robbery and murder that he did not commit. On July 24, 2020, plaintiff filed a civil rights complaint. ECF No. 1. Paul Browning passed away on March 23, 2021. ECF No. 36. On June 28, 2021, I granted plaintiff's motion to substitute the Estate of Paul Browning for plaintiff and I granted leave to file an amended complaint to reflect this change. ECF No. 42. On June 29, 2021, plaintiff filed a first amended complaint. ECF No. 43. On June 3, 2022, I granted the parties' fourth request for stipulation to extension of time for discovery. ECF No. 57. Discovery in this case closed on October 5, 2022. *Id.* On January 6, 2023, the LVMPD defendants filed their motion for summary judgment. ECF No. 61. On March 1, 2023, plaintiff filed the instant motion, seeking leave to amend the complaint. ECF No. 64. The briefing schedule regarding the summary judgment motion is stayed pending resolution of the plaintiff's instant motion. ECF No. 68.

Plaintiff argues that it should be allowed to amend the complaint at this late stage to bring claims pursuant to the Nevada Constitution because there has been a recent change in the law pursuant to the

1

Supreme Court of Nevada's recent decision in *Mack v. Williams*, 138 Nev. Adv. Op. 86, 522 P.3d 434 (2022) regarding violations of the Nevada Constitution. ECF No. 64. Defendants argue that the motion to amend is untimely and must be denied. ECF No. 69. Defendants argue that the plaintiff could have brought claims pursuant to the Nevada Constitution prior to the *Mack* decision but for some inexplicable reason did not. *Id.* Defendant also argues that the proposed amendment would be futile. *Id.* Plaintiff argues that good cause exists to amend now because it was diligent in seeking amendment after the Supreme Court decided *Mack* and that before *Mack* there was no meaningful distinction between pleading state and federal constitutional claims. ECF No. 72.

**II.    Discussion**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has found that a court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made. *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985). The standard for good cause under Rule 16(b) requires the court to evaluate the movant's diligence in attempting to meet the order's requirement and seeking to amend. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed

through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

I find that there was no bad faith when plaintiff did not anticipate the change in state law announced by the Nevada Supreme Court's *Mack v. Williams* ruling, affirmatively finding an implied "right of action for money damages," for violations of the Nevada Constitution. While it is true that plaintiff could have brought claims pursuant to the Nevada Constitution prior to the *Mack* decision, plaintiff should not be prejudiced for drafting a precise and targeted complaint, based on the law at the time. The alternative would incentivize plaintiffs to always take a "kitchen sink" approach of listing every conceivable claim, even if the law or the facts do not provide strong support for bringing the claim. Plaintiff seeks leave to amend only because of a recent change in law, so the good faith factor weighs in plaintiff's favor.

While it is true that the amendment and discovery deadlines have long passed, this is an unusual case given the recent change in law. I find that plaintiff diligently sought leave to amend, without undue delay, after the Supreme Court decided the *Mack* case. The defendant will be slightly prejudiced here since they already filed their dispositive motion. Since the new claims are like the federal claims, and the facts of the case remain the same, this prejudice is minimized in this particular case, under this set of facts. Since futility would be better addressed through a motion to dismiss or motion for summary judgment, and a finding of futility is rare, I do not reach the issue of futility. The plaintiff only amended the complaint one other time shortly after Paul Browning's untimely death, so this factor weighs in plaintiff's favor.

Accordingly,

I ORDER that plaintiff's motion for leave to amend complaint (ECF No. 64) is GRANTED.

1  I FURTHER ORDER that plaintiffs have until Wednesday, May 17, 2023 to file the amended complaint.

I FURTHER ORDER that the parties have until Wednesday, May 24, 2023 to file a joint stipulation, if they are able to agree, setting new deadlines and a new scheduling order. If the parties are unable to agree, then the plaintiff has until Wednesday, May 24, 2023, to file a motion regarding the scheduling order.

IT IS SO ORDERED.

DATED this 10th day of May 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE