Luke Busby
NV Bar# 10319
316 California Ave., #82
Reno, NV 89509
O: 775.453.0112
luke@lukeandrewbusbyltd.com
*Designated Resident Nevada Counsel for Plaintiff*

| | |
|---|---|
| Elizabeth Wang* | David B. Owens* |
| LOEVY & LOEVY | LOEVY & LOEVY c/o |
| 2060 Broadway, Ste. 460 | Civil Rights and Justice Clinic |
| Boulder, CO 80302 | University of Washington Law School |
| O: 720.328.5642 | William H. Gates Hall, Suite 265 |
| elizabethw@loevy.com | P.O. Box 85110 |
| *Admitted pro hac vice | Seattle, WA 98145-1110 |
| | david@loevy.com |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA (LAS VEGAS)**

| | |
|---|---|
| THE ESTATE OF PAUL LEWIS BROWNING; EX REL. BETTY BROWNING, ADMINISTRATOR OF THE ESTATE OF PAUL LEWIS BROWNING, <br><br> Plaintiff, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT; et al., <br><br> Defendants. | Case No. 2:20-cv-1381-KJD-MDC <br><br> **PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED ORDER [DKT. 102]** |

Pursuant to the Court's minute entry dated March 18, 2024 (Dkt. 101), Plaintiff provides objections to the Defendants' proposed order submitted at Dkt. 102 as follows:

Plaintiff objects to the application of the procedure set forth in Local Rule 7-2(f) in this circumstance. There has been no hearing in this matter, or preliminary oral rulings made by the Court. So, Plaintiff (and the Defendants) do not know the basis for the Court's determination that Defendants are a prevailing party on all claims. This finding is a surprise to Plaintiff, given that Defendants' motion for summary judgment did not even cover all of Plaintiff's claims in the case.

This Court has required Defendants to draft a proposed order granting summary judgment to the Defendants on all of Plaintiff's claims and for Plaintiff to "notify Defendants of any grounds for disapproval and to file a competing proposed order." Dkt. 101. The Local Rule adds that an order like this should be served "for approval as to form." LR 7-2(f).

Plaintiff does not know how to respond to Defendants' proposed order, even as to "form." Nor can Plaintiff provide any response to the Defendants' proposed order or "grounds for disapproval" that would amount to anything beyond repeating her objections to summary judgment being granted on all of Plaintiff's claims (*see* Dkt. 92). Plaintiff understands this is not what the Court has requested or what is contemplated by LR 7-2(f).

Plaintiff is therefore in a difficult position: she does not want to disregard the Court's order or the process that may often apply after an oral ruling and where the prevailing party then submits a proposed order and the non-prevailing party reviews for form, but she can do little more than repeat her objections to summary judgment being granted.

So, in addition to preserving the objections made in Plaintiff's response to the motion incorporated by reference (Dkt. 92), Plaintiff notes that Defendants' proposed order repeatedly fails to adhere to the basic summary judgment standard, construes the record against Plaintiff, and contradicts the findings made by the Ninth Circuit in its prior decision finding a *Brady* violation against Paul Browning, *Browning v. Baker*, 875 F.3d 444 (9th Cir. 2017). In addition, the proposed order erroneously finds that Browning's prior testimony and affidavit is inadmissible hearsay. There are at least two problems with adding this to the proposed order. First, the argument was made for the first time in reply, and so Plaintiff did not have the opportunity to respond. Second, Browning's affidavit is admissible under Federal Rules of Evidence 807(a), and Browning's prior testimony is admissible under both Federal Rules of Evidence 807(a) and 804(b)(1). *See, e.g.*, *Harris v. City of Chicago*, 327 F.R.D. 199 (N.D. Ill.

2018) (admitting prior sworn statement of deceased plaintiff under Rule 807(a)); *Lisker v. City of Los Angeles*, 2012 WL 3610134, at *-2 (C.D. Cal. Aug. 20, 2012) (in Section 1983 case against police officers, admitting prior testimony of unavailable, deceased witnesses from plaintiff's criminal trial under Rule 804(b)(1) because State had an opportunity and similar motive to develop their testimony in cross-examination as the defendant officers and were "predecessors in interest"); *Hynix v. Semiconductor Inc. v. Rambus Inc.*, 250 F.R.D. 452, 458 (N.D. Cal. Mar. 10, 2008) (admitted former testimony of unavailable witness because "predecessor in interest" of the party against whom the testimony is offered had similar opportunity and motive to develop the testimony; "A previous party having like motive to develop the testimony about the same material facts is a predecessor in interest to the present party…"); *Culver v. Asbestos Defendants (BP)*, 2010 WL 5094698, at *3-4 (N.D. Cal. Dec. 8, 2010) (admitting prior testimony of unavailable witness where the previous party had like motive to develop the testimony about the same facts). Indeed, the proposition at summary judgment is preposterous—witnesses and parties are permitted to present affidavits, declarations, and other forms of evidence to show a genuine issue of fact for trial, *see* FED. R. CIV. P. 56(c)(4), and Browning's sworn affidavit and prior testimony would be admissible at trial under Rules 804(b)(1) and 807. There is no rule that a Plaintiff be deposed and then submit only their deposition at summary judgment instead of relying on other statements they have previously made, especially where, as here, those statements are under oath.

 Plaintiff's proposed order (which implements the Court's minute entry at Dkt. 101) is attached.

Respectfully submitted,

s/ Elizabeth Wang

3

Luke Busby
NV Bar# 10319
316 California Ave., #82
Reno, NV 89509
O: 775.453.0112
luke@lukeandrewbusbyltd.com
*Designated Resident Nevada Counsel for Plaintiff*

| | |
|---|---|
| Elizabeth Wang* <br> LOEVY & LOEVY <br> 2060 Broadway, Ste. 460 <br> Boulder, CO 80302 <br> O: 720.328.5642 <br> elizabethw@loevy.com <br> *admitted pro hac vice* | David B. Owens* <br> Loevy & Loevy c/o <br> Civil Rights and Justice Clinic <br> University of Washington Law School <br> William H. Gates Hall, Suite 265 <br> P.O. Box 85110 <br> Seattle, WA 98145-1110 <br> david@loevy.com |

## CERTIFICATE OF SERVICE

I, Elizabeth Wang, an attorney, hereby certify that on March 27, 2024, I filed the foregoing objections using the Court's CM/ECF system, which effectuated service on all counsel of record.

/s/ Elizabeth Wang
*One of Plaintiff's Attorneys*