UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| The Estate of Paul Lewis Browning, et al., | Case No. 2:20-cv-01381-KJD-MDC |
| Plaintiff, | **ORDER** |
| v. | |
| Las Vegas Metropolitan Police Department, et al., | |
| Defendants. | |

Presently before the Court is Plaintiff's Objections to Defendants' Proposed Order (#103). The core of Plaintiff's objections hinges on Browning's 1989 affidavit, submitted in support of his state habeas petition, as well as testimony from his 1999 state habeas evidentiary hearing, which the Court deems both as inadmissible hearsay. After thorough review and consideration of Plaintiff's objections, the Court finds them unpersuasive.

First, Plaintiff argues that Defendants argument regarding Browning's testimony and affidavit was initially presented in their reply, thereby depriving Plaintiff of the opportunity to respond to the argument. (#103, at 2). While the Court agrees that the objection was first raised in Defendants' Reply, it is noted that the evidence objected to was utilized in Plaintiff's Response for factual support. (See #92, at 4-6). Moreover, Browning's affidavit was attached as the initial exhibit in Plaintiff's Response. (#89-1). Waiving Defendants' argument would essentially permit facts to be backdoored into the Court's analysis. Thus, the Court sees no reason why Defendants shouldn't be allowed to raise an objection to evidence that is heavily relied upon by Plaintiff. Additionally, the Court allowed Plaintiff to file objections to Defendants' proposed order, thereby affording Plaintiff an opportunity to raise arguments regarding the evidentiary objections, which the Court analyzes below.

Second, Plaintiff argues that Browning's affidavit and prior testimony would be admissible at trial under Federal Rules of Evidence 804(b)(1) and 807. Id. at 3. The Court disagrees. Under Federal Rule of Evidence 804(b)(1), former testimony of an unavailable declarant is not excluded by the rule against hearsay if the testimony "was given as a witness at a trial, hearing,

or lawful deposition" and is now being "offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross, or redirect examination." See Fed. R. Evid. 804(b)(1)(A); (B). Here, this exception is simply inapplicable to the present facts. Browning's affidavit was used in his state habeas case 35 years ago, in a completely different jurisdiction, supporting entirely different causes of action. As such, the Court finds it inadmissible hearsay. Lastly, the Court outright rejects applying Rule 807 to Browning's evidentiary hearing testimony because "guarantees of trustworthiness" are significantly lacking from the testimony. See Fed. R. Evid. 807(a).

   Accordingly, Plaintiff's objections to Defendants' proposed order are overruled.

Dated this 28th day of March 2024.

_____
Kent J. Dawson
United States District Judge